UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FLOYD HAMILTON III | CIVIL ACTION NO. 09-0860 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| SHIVANI NEGI, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

This case was referred to me by the district judge for pre-trial management. See doc. #27. The district judge requested that a plan of work be established, that the issues be defined and that a discovery timeline be developed. In accordance with the request, a hearing was held before me on December 2, 2009. Present were plaintiff, Mr. Hamilton, and his lay assistant, Mr. Labbe, and Mr. Broadwell on behalf of the government.

Plaintiff has filed a complaint and two amended complaints. Because those documents contain both claims and statements as to what evidence will be used to prove the claims, it is necessary that the court narrow the issues. Plaintiff's claims relate to 1) medical malpractice, and 2) Civil RICO claims.  With consent of the plaintiff his claims are limited to the following:

MEDICAL MALPRACTICE CLAIMS:

    1) removal of Floyd Hamilton, Jr. from the ventilator,

    2) removal of Mr. Hamilton, Jr. from the intensive care unit (ICU) on two occasions (September 24, 2006 and January 2,

2007) contrary to the advice of the primary treating physician, Dr. St. Cyr, and contrary to written orders,

3) all IV medications were discontinued by Dr. Negi,

4) Mr. Hamilton, Jr. was placed in a non-monitored room

CIVIL RICO CLAIMS:

1) Letter from Dr. Reed regarding the investigation into Mr. Hamilton, Jr.'s case which never mentioned the Glasgow coma scale and which contained mis-statements as to what happened in the malpractice claims listed above (excluding the Jan. 2, 2007 removal from ICU),

2) What the Inspector General (IG) said was not true; that is, the VA defendants misled the IG regarding Mr. Hamilton's care at the VA hospital,

3) The letter from Watkins to Congressman Alexander saying that Mr. Hamilton, Jr. was deceased when he was not,

4) That Dr. Negi gave Mr. Clinton Johnson's wife a $50 money order concerning a do not resusitate order on Mr. Johnson,

5) Watkins wrote a letter covering up that a doctor had discontinued Mr. Lavelle Tullos' Ativan medication,

6) Mr. Tullos' daughter, who was employed by the VA hospital, was terminated because Mr. Tullos was "supporting" the plaintiff in this case,

7) If employees of the VA were seen talking to Mr. Hamilton, they were called in and interviewed by the VA supervisors,

8) Letters by Reed and Watkins to plaintiff were not true regarding Dr. Reed's investigation,

9) Mr. Jerry Gibson, who is the patient representative at the VA, does not put patient complaints in writing which constituted a coverup.

The only claims which will be the subject of this lawsuit are those stated above. Evidence as to claims not listed above shall not be permitted in discovery or at trial.

In addition, the following Plan of Work was agreed to by the parties:

| | | |
|---|---|---|
| 1. | July 15, 2010 | Deadline for completion of discovery |
| 2. | August 13, 2010 | Final date for filing dispositive motions |
| 3. | Passed | Final date for adding parties |
| 4. | Passed | Final date for filing amended pleadings |
| 5. | July 15, 2010 | Final date for employing experts |
| 6. | August 27, 2010 | Final date for exchanging reports of experts |
| 7. | October 15, 2010 | Final date for depositions of experts |
| 8. | January 8, 2010 | Date disclosures under Fed. R. Civ. P. 26(a) were made or will be made |
| 9. | January 8, 2010 | Preliminary witness lists exchanged |

For the foregoing reasons, IT IS RECOMMENDED that 1) the claims of plaintiff be limited to those set forth above and that 2) the

above Plan of Work be adopted by the court.

Because the above was agreed to by the parties in open court, Objections to this Report and Recommendations will not be allowed.

December 3, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE