RECEIVED
MAR 2 3 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BERTHA M. HAMILTON | 09-860<br>CIVIL ACTION NO. 10-664 |
| -vs- | JUDGE DRELL |
| SHIVANI NEGI, et al. | MAGISTRATE JUDGE KIRK |

## RULING

### I. Introduction and Background

Before the court are five motions filed by Bertha M. Hamilton: (1) Motion for Leave to File "Motions with Reasons Why Judge Drell Should Allow Suit to Remain a Civil Rights Suit" (Doc. 109); (2) Motion to Amend/Correct Proposed Pleading (Doc. 119); (3) Motion for Leave to File Response in Opposition to Motion and Motion to Sever (Doc. 128); (4) Motion to Amend/Correct Complaint (Doc. 133); (5) Motion for Leave to File Reply Memorandum (Doc. 134).

This and the related cases[1] arise from dissatisfaction for services rendered at the Alexandria Veterans Affairs Medical Center in Alexandria, Louisiana ("Alexandria VA"). Plaintiff's pleadings contain numerous allegations of misconduct against Dr. Negi, Alexandria VA hospital administrators Barbara Watkins and Dr. Hollis Reed,

---

[1] The following individuals have filed suit against the same above-named Defendants based on similar causes of action: Floyd Hamilton, III (09-860); Bertha Hamilton (10-664); Jessie Gray, Jr., et al (09-2105), Dennis M. Egelston (10-0793), Debi Tullis Bell (10-0794), Johnny W. Fitt (10-0795), Rogetta T. Odhams (10-0798), Jessie L. Wade (10-0799), Carolyn A. Davis (10-0800), Lavelle T. Tullis (10-0807), and Ruth L. Johnson (10-0832).

the VA VetPro Program, and the Inspector General's Office. In essence, Plaintiff alleges Dr. Negi did not properly treat Plaintiff's husband and the other Defendants lied, in one way or another, in order to "cover up" Dr. Negi's actions.[2]

To begin, we note the relief sought by Plaintiff in Documents 128 and 134 is identical; namely, Plaintiff seeks to have her case severed from that of her son, Floyd Hamilton, III (09-860). We addressed this issue by Order dated June 27, 2011 (Doc. 105) wherein we struck the Second Amended Complaint (Doc. 76) from the record as to Mrs. Hamilton. In order to make the record clear, we will **GRANT** Plaintiff's motions to sever contained in Documents 128 and 134. Bertha Hamilton's claims against Defendants will be severed from those asserted by her son, Floyd Hamilton, III. In addition, any part of Plaintiff's motions contained in Documents 128 and 134 which request leave to respond to Defendants' Motion to Dismiss or in the alternative for Summary Judgment (Doc. 125) is denied as moot considering Defendants' motion pertains only to Floyd Hamilton, III's claims (09-860) which are herein severed from Plaintiff's claims as described above. Should consolidation be necessary as a matter of judicial economy for trial purposes we will revisit the matter then.

Next, we read Plaintiff's motions in Documents 109, 119, and 133 to assert identical legal arguments and request the same relief; namely, Plaintiff insists her claims against Defendants proceed as "civil rights" claims and urges the Court to reconsider our ruling dated March 31, 2011 which recharacterized the nature of the

---

[2] We understand Plaintiff's claims to be wrongful death and survival actions in accordance with La. Civ. Code Arts. 2315.1 & 2315.2. See Rhyne v. Henderson County, 973 F. 2d 386 (5th Cir. 1992) (applying state law survival statute to federal civil rights claim).

claims in this and related cases.[3] In that ruling, in attempting carefully to analyze the suits filed by this plaintiff and plaintiffs in related cases, we determined three areas of claims potentially still existed and remained viable: (1) potential medical malpractice with all of its permutations; (2) claims under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) (so called "Bivens actions"); and (3) violations of 38 U.S.C. § 1151 relating to eligibility for veterans' benefits. In the "Amended Suit" pleadings (Docs.109, 119, & 133), Plaintiff argues, in effect, that our determination as to these three claim areas was wrong, and she specifically reiterates her claims that acts done by Dr. Negi were deliberate, willful, and intentional. Plaintiff insists her claims remain properly analyzed under 42 U.S.C. § 1983 ("Section 1983") only and rejects our recharacterization of her claims.

It is obvious that Plaintiff, a non-lawyer, has misconstrued the nature of a Bivens action in relation to Section 1983 and the application of civil rights law in these instances. Title 42 of the United States Code at Section 1983, and following, constitute basic civil rights legislation from which many civil rights claims against state actors will arise. Section 1983 has been uniformly construed as applying only to state and not federal agents or actors, and there exists no corresponding federal civil rights statute. However, the United States Supreme Court in Bivens recognized the right to recover against federal actors for alleged violations of constitutional rights.

---

[3] Because Plaintiff's suit was previously consolidated with her son's suit, our March 31, 2011 ruling in the related cases did not apply to recharacterize Plaintiff's claims. However, given that we have granted her motion to sever and she demands the relief of maintaining her suit as a "civil rights" suit, we read her pleadings to be an argument against our recharacterization of her claims.

Bivens, 403 U.S. at 397 ("Having concluded that petitioner's complaint states a cause of action under the Fourth Amendment . . . we hold that petitioner is entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment.").

The individual Defendants at all pertinent times were employees of the U.S. Department of Veterans Affairs and therefore federal actors. Richardson v. U.S. Dep't of Veterans Affairs, 172 F.3d 866, 1999 WL 129655 (5th Cir. 1999). The interpretive law regarding Bivens indicates rules for liability and responsibility under Section 1983 and Bivens are the same. In Dean v. Gladney, 621 F.2d 1331 (5th Cir. 1980), the Fifth Circuit summarized: "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Id. at 1336 (finding the denial of "respondeat superior liability in an implied cause of action under the Constitution [Bivens-type action] . . . consistent with the rejection of such liability in the context of section 1983"); see also Abate v. Southern Pacific Transp. Co., 993 F.2d 107, 110 n.14 (5th Cir. 1993) ("*Bivens* is the federal counterpart of § 1983. In effect, it extends the protections afforded by § 1983 to parties injured by federal actors not liable under §1983."). Accordingly, we properly characterized Plaintiff's claims as falling under Bivens, not Section 1983, and to the extent she objects to that characterization, Plaintiff is wrong. Her Bivens action, and not an action under §1983, remains.

However, in order to sustain her Bivens action, Plaintiff "must first demonstrate that [her] constitutional rights have been violated." Garcia v. United

4

States, 666 F.2d 960, 962 (5th Cir. 1982) (citing Davis v. Passman, 442 U.S. 228, 248 (1979)). Plaintiff insists "the fact that the defendants' [sic] in conspiracy conducted a campaign or [sic] terror, deliberate mistreatment of patients and violated their civil rights to life, liberty, and pursuit of happiness, and did this under color of law." (Doc. 133 at p. 2). Accompanied by Plaintiff's factual assertions, we understand these claims to be alleged violations of Plaintiff's husband's substantive due process rights by federal actors in violation of the Fifth Amendment.

The Fifth Circuit has recognized the "right to be free of state-occasioned[4] damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process." Doe v. Taylor Independent Sch. Dist., 15 F.3d 443 (5th Cir. 1994).[5] The Supreme Court in DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989) recognized the relationship between the Fifth and Fourteenth Amendments as follows: "Like its counterpart in the Fifth Amendment, the Due Process Clause of the Fourteenth Amendment was intended to prevent government 'from abusing [its] power, or employing it as an instrument of oppression.'" Id. at 196 (quoting Davidson v. Cannon, 474 U.S. 344, 348 (1986))

---

[4] In this phrase we use the generic term "state" to mean government in general, not a specific state.

[5] In so noting, the Fifth Circuit cited Shillingford v. Holmes, 634 F.2d 263, 265 (5th Cir. 1981) which was implicitly overruled by the Supreme Court's decision in DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989). In DeShaney, the Court determined "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by *private* actors. Id. at 195 (emphasis added). The Fifth Circuit in Doe confronted this issue and determined DeShaney did not overrule the existence of the bodily integrity substantive due process right. Doe, 15 F.3d at 452 n.3.

(brackets in original). Accordingly, the Fifth Amendment provides due process protection for the bodily integrity of citizens from harm imposed by federal actors.

If true, Plaintiff's factual assertions of "deliberate mistreatment of patients" as a harm to her husband's bodily integrity inflicted by federal actors potentially violates the Due Process clause of the Fifth Amendment; thus, her motions to amend her suit, as we understand it, asserts a constitutional violation, as required to proceed under Bivens.

Plaintiff made absolutely clear in her "Amended Suit" pleadings (Docs. 109, 119, & 133) she does not wish for the Court to determine her suit based on medical malpractice but rather only on civil rights issues. We understand these pleadings to constitute a complete waiver of claims for medical malpractice, and therefore waiver of claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* Given the pleadings filed we have no alternative but to confirm Plaintiff's abandonment of her claims for medical malpractice. The Court will dismiss those claims. Additionally, Plaintiff argues emphatically that she has only asserted a violation of "civil rights," and did not present any argument in support of a claim under 38 U.S.C. § 1151 relating to eligibility for veterans' benefits. For this reason, we also consider this claim to be abandoned and it will likewise be dismissed.

To the extent Plaintiff's motion requests and demands that we consider only the civil rights/Bivens claims, it will be granted. But in so ruling, we do not, at this time, adopt all of the substantial factual background which she has provided with the motion. This is not to say we reject the information, but only that the factual backdrop

presented is largely a matter of contest between Plaintiff and Defendants, and we expect those facts will continue to be argued either by separate motion or at trial as appropriate. Finally, Plaintiff is to be reminded that the Federal Rules of Civil Procedure must be followed even though she appears pro se. A separate judgment in accord with this ruling will be entered.

SIGNED on this 23rd day of March, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE