RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  3/29/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FLOYD HAMILTON, III. | CIVIL ACTION NO. 09-860 |
| -vs- | JUDGE DRELL |
| SHIVANI NEGI, et al. | MAGISTRATE JUDGE KIRK |

## JUDGMENT

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein (Doc. 162), and after independent (de novo) review of the record including the objections filed herein, and concurring with the Magistrate Judge's findings under the applicable law;

IT IS ORDERED that Defendants' Daubert Motion to exclude the Testimony of Dr. Velva Boles as an expert witness (Doc. 116) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Retain Dr. Velva Boles as an expert witness and for sanctions against John Broadwell (Doc. 124) is DENIED.

We must first note Mr. Hamilton's "appeal" request (Doc. 169) applicable to the report and recommendation. Mr. Hamilton is allowed to file objections to the report and recommendation, so an "appeal" is a slight misnomer. Nonetheless, we have treated all of his arguments as objections and have taken them into consideration before executing this judgment.

Mr. Hamilton is incorrect regarding the style of the case as containing both the lead case and member case numbers. This is done to link related cases, and not necessarily consolidated cases.

Mr. Hamilton also makes vague reference to not having certain documents. A request for anything he believes he does not have is more specifically directed to Defendants (if Mr. Hamilton does not otherwise have access to them) via a request for production.

The balance of his argument on the "appeal"/objections is not regarding Velva Boles' qualifications as an expert which was the substance of the report and recommendation from Magistrate Judge Kirk. As described above, we concur with the Magistrate Judge's findings under the applicable law.

In so ruling, we must express our consternation at Velva Boles' apparently blatant use of misrepresentation in whatever quest she is on. We cannot discern from this record how she was recruited or wound up on Mr. Hamilton's proposed list of witnesses. Dishonesty has no place in the qualifications of a supposed "expert."

We also note a possible anticipation of this ruling on Mr. Hamilton's part. He has recently filed a motion for summary judgment or, in the alternative, a request to allow the case to go forward without an expert. We wish to make clear that he may certainly proceed in the case without an expert if the wishes. The striking of an expert and/or the expert's testimony does not prevent the case from going forward. Thus, while Mr. Hamilton's request is unnecessary, it is certainly allowed and

granted. His motion for summary judgment (Doc. No. 170) will be separately considered and a separate ruling will issue in due course.

SIGNED on this 28th day of March, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE